UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Firelands Habitat for Humanity, Inc.,      Case No. 3:24-cv-0760

    Plaintiff

v.      ORDER OF REMAND

Tonya L. Randleman, et al.,

    Defendants.

Defendant Tonya L. Randleman attempted to remove this foreclosure action from the Erie County Court of Common Pleas by filing a *pro se* Notice of Removal.[1] For the reasons stated below, the removal was not proper, and this action is remanded to the state court.

On September 10, 2015, Firelands Habitat for Humanity Inc. filed this foreclosure action in the Erie County Court of Common Pleas, Case No. 2015 CV 0565, against Tonya L. Randleman, Dean L. Swain, Sr., the City of Sandusky, and the City of Sandusky Tax Department. Judge Tygh M. Tone entered a decree of foreclosure in favor of Firelands Habitat for Humanity on April 5, 2016. The court issued an Order of Sale, and the property was scheduled for sale at sheriff's auction on September 13, 2016. On September 2, 2016, just eleven days before the scheduled sale, Randleman filed for Chapter 13 bankruptcy, which stayed the sale. The stay was lifted on April 18, 2022, and the property was once again scheduled for sheriff's sale on October 11, 2022. On October 10, 2022, the day before the sale, Randleman filed a Chapter 7 bankruptcy, which stayed the sale. That stay was lifted on February 26, 2024. The property is set for sheriff's sale on May 14, 2024.

---

[1] Randleman lists herself as the Plaintiff on the Notice of Removal. She is, in fact, the Defendant in the state court case she is purporting to remove to federal court.

Randleman has now filed this action seeking to remove the foreclosure action to federal court. She did not pay the filing fee, nor did she submit a proper application to proceed *In forma pauperis*. Nevertheless, this action has not been properly removed and must be returned to the state court immediately to avoid undue delay or interference with the state court proceedings.

A Defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Notice of Removal of a civil action or proceeding must be filed within thirty days after the receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). Moreover, when the action is removed under § 1441(a), all of the Defendants who have been properly served must join in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(A).

Randleman's attempted removal fails to meet any of these statutory criteria. As an initial matter, this Court lacks original jurisdiction over the foreclosure action. Randleman cites to federal statutes governing foreign or international banking, removal of bankruptcy claims, and war crimes to support removal based on federal question jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 is proper only when a federal question is presented on the face of the state court Plaintiff's Complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, federal law must create the cause of action in the original foreclosure Complaint filed by Firelands Habitat for Humanity. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Federal counterclaims and defenses are "inadequate to confer federal jurisdiction," and fail to establish an objectively reasonable basis for removal. *See id.* ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the Defendant's answer, not as part of the Plaintiff's Complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). The

foreclosure action filed by Firelands Habitat for Humanity in state court was based on state law. This Court lacks original jurisdiction over that action.

Furthermore, the Notice of Removal in this case is not only untimely but appears to have been filed solely for the purpose of disrupting and delaying the sheriff's sale in the state court foreclosure action. The removal statute requires the Notice of Removal to be filed within thirty days after the Defendant is served with the initial pleading. 28 U.S.C. § 1446 (b). This action was filed over eight years ago on September 10, 2015. The state court docket indicates Randleman was served with the Complaint on September 14, 2015. The state court granted judgment in favor of Firelands Habitat for Humanity on April 5, 2016. There is no indication that Randleman appealed that judgment. Firelands Habitat for Humanity is now proceeding to collect the judgment through the sale of the property at sheriff's sale. Each time the property was scheduled for sheriff's sale, Randleman filed a bankruptcy action, staying the sale. The latest bankruptcy stay was lifted, and property once again has been set for sheriff's sale. Randleman has now filed a Notice of Removal. At best, the Notice of Removal is untimely. Viewed less generously, it was filed for the sole purpose of disrupting the state court proceedings and delaying the sale. This is not a proper use of this Court's resources.

Therefore, this action is remanded to the Erie County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge